UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA S.,

                    Plaintiff,

          v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:25-cv-05189-TLF

ORDER

Plaintiff brought this action for judicial review of the defendant's denial of her disability benefits for the periods between October 30, 2012 to August 6, 2014, and after December 31, 2017.

Plaintiff argues that the Administrative Law Judge ("ALJ") erred in (1) evaluating the medical evidence, (2) rejecting plaintiff's subjective symptom complaints; (3) rejecting the lay witness evidence; and (4) determining plaintiff's RFC. The parties agree this matter should be remanded but disagree about whether the remand should be for further administrative proceedings or an award of benefits. The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

For the following reasons, the Court REVERSES and REMANDS the case for a calculation of an award of benefits.

1

BACKGROUND

Plaintiff filed an application for Social Security in July 2013, alleging disability since October 30, 2012, when she sustained a work-related injury while working for a retail store. AR 16, 717. Her application was denied initially and on reconsideration, and ALJ Joanne Dantonio conducted a hearing on November 25, 2015. AR 40-103. On May 9, 2016, the ALJ found plaintiff was not disabled. AR 13-39. Plaintiff requested review by the Appeals Council, which denied her request for review. Plaintiff filed a civil action in the District Court. AR 1-7.

On December 4, 2018, this Court affirmed ALJ Dantonio's decision. AR 1429-44. Plaintiff appealed and on March 12, 2020, the Ninth Circuit reversed ALJ Dantonio's decision and remanded for a new hearing. AR 1421-24. Two remand hearings were conducted by ALJ Lawrence Lee, on September 8, 2021 and January 13, 2022. AR 1331-72. On February 2, 2022, ALJ Lee found that plaintiff was not disabled. AR 1292-1330. Plaintiff filed a civil action in the U.S. District Court.

On February 2, 2023, this Court reversed ALJ Lee's decision and remanded for a new hearing. AR 2018-24. The new hearing was conducted by ALJ Trina Mengesha-Brown on July 15, 2014. AR 1932-68. On November 7, 2024, the ALJ found that plaintiff had been disabled between August 6, 2014 and December 31, 2017, but she was not disabled before or after those dates. AR 1877-1931. Plaintiff filed this civil action, appealing the unfavorable portions of the ALJ's decision. Plaintiff challenges the ALJ's decision for the periods between the alleged onset date, October 30, 2012, and August 6, 2014 -- and after December 31, 2017.

STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Yet a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ADMINISTRATIVE DECISION

The ALJ determined that plaintiff's date last insured for Disability Insurance Benefits (DIB) would be December 31. 2018. AR 1880. At step one, the ALJ found

plaintiff had not engaged in substantial gainful activity since the application date. AR 1882.

At step two, the ALJ determined plaintiff had the following severe impairments since October 30, 2012: "thoracolumbar degenerative disc disease with sprain; conversion/somatoform disorder". AR 1882. Beginning on August 6, 2014, the ALJ determined plaintiff had these severe impairments: "thoracolumbar degenerative disc disease with sprain; conversion/somatoform disorder; fibromyalgia". AR 1883.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 1883.

The ALJ assessed plaintiff's Residual Functional Capacity (RFC) and found before August 6, 2014, plaintiff could:

> perform a range of sedentary work as defined by 20 CFR 404.1567(a) such that she could lift and carry up to 10 pounds occasionally, could stand and walk with normal breaks for about 2 hours in an 8-hour work day, and could sit with normal breaks for about 6 hours in an 8-hour work day. She could never climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, and could occasionally balance, stoop, kneel, and crouch, but never crawl. She could frequently bilaterally reach, could occasionally bilaterally reach overhead, could frequently bilaterally handle and finger, and could occasionally push/pull with the upper and lower extremities. She must avoid unprotected heights, workplace hazards, and moving machinery, could not work with vibrations, could not perform work outdoors, could not operate a motor vehicle, and could not have more than moderate exposure to heat, cold, or humidity.

AR 1884-85. For the period between August 6, 2014 and December 31, 2017, the ALJ found plaintiff had the same FRC as in the prior and subsequent periods, except when standing, she would also need to "use a cane or a walker as needed," and "[s]he

4

required a job that would permit her to be off task for 15 percent of the workday and be absent for 2 days per month." AR 1894-95.

At step four, the ALJ found plaintiff had no past relevant work. AR 1906.

At step five, the ALJ found that between August 6, 2014 and December 31, 2017, there were no jobs plaintiff could perform. AR 1907. The ALJ also found that before August 6, 2014 and after December 31, 2017, plaintiff could have performed the jobs of addressing clerk, document preparer, and office clerk.

The ALJ thus concluded plaintiff was not disabled before August 6, 2014, or after December 31, 2017. AR 1907,1916.

DISCUSSION

Plaintiff asserts the ALJ erred in (1) improperly evaluating several medical opinions; (2) improperly evaluating plaintiff's symptom complaints; (3) improperly evaluating the opinion of a lay witness; and (4) improperly determining plaintiff's RFC for the period before August 6, 2014, and after December 31, 2017. Plaintiff seeks a remand for the award and calculation of benefits. In response, the Commissioner concedes error and agrees remand is appropriate, but only for further proceedings.

A.  Legal Standards Governing Scope of Remand

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further

administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively, the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). The court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

B.  Proper Remedy

The Commissioner concedes that the ALJ erred in this case, and the only question is whether the Court should exercise its discretion to do so for further administrative proceedings or for an award of benefits. The record has been fully developed and further administrative proceedings would serve no useful purpose. The record includes plaintiff's testimony in numerous hearings and assessments of her capacity to work by health care providers, chiropractors, and physical therapists. This is not a case in which

the admission of more evidence would be "enlightening." *Cf. Treichler*, 775 F.3d at 1101.

The Commissioner does not argue that the record is not fully developed, yet claims there remain outstanding issues that must be resolved due to conflicting medical opinions that must be considered and reconciled and inconsistencies between plaintiff's allegations and the evidence.

Defendant identifies normal findings in the record as inconsistent with plaintiff's allegations yet fails to connect this evidence to relevant issues that remain which would require rehearing on matters already considered at the administrative level.

The record shows if the Court remanded for another hearing it would not be a review of unaddressed issues, but to re-visit the same issues ALJs have now had multiple opportunities to consider. The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the ... credit-as-true analysis." *Garrison*, 759 F.3d at 1021-22 (citations omitted); *Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple.").

If the improperly discredited evidence were credited as true, the ALJ would have to find, on remand, plaintiff was disabled during the periods at issue. In 2015, plaintiff testified she had difficulty writing because of her muscle weakness, and she experienced weakness in her whole body throughout the day and numbness. AR 50,

7

64. She testified that, "I move, I bend, I twist, I'm nauseous. I get up, I shower, I'm nauseous. And I'm not eating." AR 57.

After an emergency hysterectomy in June 2013, she required a walker, and she had difficulty bending because of muscle weakness. AR 60. For the fibromyalgia symptoms, she took Gabapentin, but the Gabapentin increased her depression symptoms. AR 62. She stated she could sit and use a computer intermittently for half an hour before needing to "lay down flat to recharge my muscles," and could only stand for a few minutes. AR 65, 66. She asserted that she could not go out much, as sitting in a car over 30 minutes "sets me back for days." AR 66. She stated that she could wipe the kitchen counters and go shopping, but could do no vacuuming, sweeping, or outside chores. AR 69.

When shopping, she asserted that she used an electric cart and had someone with her. AR 70. At her January 2022 hearing, plaintiff explained that she had a full-time caregiver. AR 1355-56. On a typical day, between 8:00 a.m. and 5:00 p.m., she was in a recliner for about approximately 65 to 70% of her time. AR 1362.

The record shows extensive medical evidence of the history of plaintiff's depression and symptoms of fibromyalgia before August 2014 and after December 2017. AR 404, 723, 812, 1106, 1730, 1255, 2236, 2254.

The defendant did not address plaintiff's arguments as to Dr. Kemp, Dr. Nakashima, Mr. Raj, Dr. Duncan. If a party fails to counter an argument of the opposing party, the court may treat that argument as conceded. The Court is not required to research or manufacture arguments on behalf of litigants. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an

argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, No. 6:18-cv-00829-AA, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").

Taking the improperly discredited evidence as true—including, plaintiff's marked limitations in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods (AR 1105) – plaintiff would be expected to miss more days per month than is permissible to maintain fulltime employment. Plaintiff would therefore meet the criteria for being found disabled.

The Court declines the Commissioner's invitation to remand for further proceedings on the basis that the record creates "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. The Ninth Circuit's opinion in *Treichler* examined whether the Court had the discretion to remand for further administrative proceedings rather than an award of benefits, noting: "In light of the conflicts and ambiguities in the record, the district court would not abuse its discretion in concluding that not all essential factual issues have been resolved, or that the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Treichler*, 775 F.3d at 1105 (citation and quotation marks

omitted). The *Treichler* court thus continued: "Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.*

Here, in contrast, the record is neither uncertain nor ambiguous. It is essentially the same record that ALJs have reviewed three times. The Court declines the Commissioner's invitation to remand for further administrative proceedings so that an ALJ may, for a fourth time, review the same issues record in the same manner to applications that were filed over ten years ago. In fact, such circumstances counsel strongly in favor of remanding for immediate payment of benefits. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (remanding for an award of benefits in-part because claimant first sought benefits more than seven years before and claimed disability began over a decade before); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for determination of benefits where the claimant had "already waited over seven years for her disability determination").

## CONCLUSION

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is REVERSED and REMANDED for a calculation of an award of benefits.

Dated this 26th day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge